IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEREMY N. ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-cv-02316 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Jeremy N. Rogers' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (d/e 1). The Court must dismiss the motion if it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). A preliminary review of Petitioner's § 2255 motion and the record of prior proceedings establishes that the motion must be dismissed for lack of jurisdiction. The § 2255 motion is a successive motion, and Petitioner did not obtain permission from the Seventh Circuit to file the successive motion.

# I. BACKGROUND

On March 4, 2010, Petitioner was charged with knowingly possessing a firearm despite having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). United States v. Rogers, Case No. 10-cr-20011 (hereinafter, Crim.), Indictment (d/e 1). On December 10, 2010, Petitioner pleaded guilty pursuant to a written plea agreement entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Crim., Plea Agreement (d/e 16); Crim., Report and Recommendation (d/e 20). In the plea agreement, Petitioner waived his right to challenge his conviction and sentence in a motion brought pursuant to 28 U.S.C. § 2255, provided that Petitioner was sentenced in accordance with the terms of the plea agreement. Crim., Plea Agreement, ¶ 22.

Prior to Petitioner's sentencing hearing, the Unites States Probation Office prepared a Presentence Investigation Report (PSR). The PSR indicated that Petitioner qualified as an Armed Career Criminal subject to a mandatory minimum sentence of 15 years due to Petitioner's prior convictions for aggravated battery, burglary and larceny of a church, and delivery of a controlled substance within 1,000 feet of a church. Crim., PSR (d/e 26), ¶¶ 26, 63.

In March 2011, United States District Judge Michael P. McCuskey sentenced Petitioner to 212 months' imprisonment and 3 years of supervised release—the sentence agreed upon by the parties in the plea agreement. Crim., Judgment (d/e 28); Crim., Plea Agreement, ¶ 18. Petitioner did not file an appeal.

In August 2015, Petitioner filed a § 2255 motion, claiming that his sentence violated the Fifth Amendment's Due Process Clause. Rogers v. United States, Case No. 10-cr-02172, Motion (d/e 1), at 4-5. Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), Petitioner argued that his burglary and aggravated battery convictions could no longer be used to classify him as an Armed Career Criminal, rendering his sentence unconstitutional. See id.; Case No. 10-cr-02172, Memorandum of Law (d/e 2).

The Court denied Petitioner's initial § 2255 motion, finding that Petitioner's claim was barred by the collateral attack waiver in Petitioner's plea agreement. Case No. 10-cr-02172, Opinion (d/e 7), at 1. The Court also found that, even if Plaintiff's claim were not barred, the claim would fail because, even after Johnson, Petitioner's burglary and aggravated battery convictions could still

be used to classify him as an Armed Career Criminal. See id. at 1, 16. Again, Petitioner did not appeal.

In November 2019, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) in this case. Petitioner again asserts that his sentence as an Armed Career Criminal is unconstitutional. Motion (d/e 1), at 3. Petitioner filed this § 2255 motion without first obtaining permission from the Seventh Circuit to do so.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution may move for the Court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). However, a prisoner may not file a second or successive § 2255 motion unless he obtains permission from a court of appeals to do so. See 28 U.S.C. § 2255(h). "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F. 3d 990, 991 (7th Cir. 1996).

Petitioner's pending § 2255 motion is a successive motion. The Court denied Petitioner's initial § 2255 motion in April 2016,

holding that the claim asserted in that motion was not only barred by a collateral attack waiver but was also unsuccessful on the merits. Therefore, Petitioner has already had an "unencumbered opportunity to receive a decision on the merits" that subjects him to the limitations on successive § 2255 motions. Potts v. United States, 210 F. 3d 770, 770 (7th Cir. 2000).

Petitioner has not obtained permission from the Seventh Circuit to file a successive § 2255 motion. Therefore, this Court lacks jurisdiction over Petitioner's pending § 2255 motion, which must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). The Court concludes that jurists of reason would not find the Court's procedural ruling debatable. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Jeremy N. Rogers' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (d/e 1) is SUMMARILY DISMISSED without prejudice for lack of jurisdiction. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court declines to issue a certificate of appealability. The Court refers Petitioner to Rule 22.2 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit for the procedure to request leave to file a second or successive § 2255 motion. This case is CLOSED.

ENTER:  March 31, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE